IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANTHONY P. PURDY,

    Plaintiff,

vs.

DEPARTMENT OF CORRECTIONS, WARDEN, at RTC 384; HART, UM; GROSSMAN, CW; QUENTIN, CW; BUSINESS MANAGER, of RTC384; EAINA GRODSPEID, Grievcne investigator; PETER BATTAILLION, Judge; and CLERK OF DISTRICT COURT, in Douglas Count;

    Defendants.

8:24CV463

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Anthony Purdy's Motion for Leave to Proceed in Forma Pauperis ("IFP"). Filing No. 2. As stated in the Prison Litigation Reform Act ("PLRA"), a prisoner cannot

> bring a civil action . . . or proceeding [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

The Court has identified the following cases that were brought by Plaintiff and that were dismissed because they were frivolous or failed to state a claim upon which relief may be granted: *Purdy et al. v. Hubbard et al.*, No.

8:12-cv-00192-JMG-PRSE (D. Neb.) (Filing No. 13, dismissing Plaintiff's complaint because it failed to state a claim upon which relief may be granted); *Purdy v. Douglas County Corrections Center et al.*, No. 8:15-cv-00363-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 17, finding Plaintiff's complaint failed to state a claim for relief and dismissing case after Plaintiff failed to amend complaint); *Purdy v. Community Correction et al.*, No. 8:21-cv-00134-RGK-PRSE (D. Neb.) (Filing Nos. 25 & 29, finding Plaintiff's complaint failed to state a claim for relief and dismissing case after Plaintiff failed to amend complaint).

On the Court's own motion, Plaintiff is ordered to show cause within 30 days of this Court's Memorandum and Order why these cases should not be considered strikes against him per the terms of the PLRA, and why he is entitled to proceed in forma pauperis pursuant to 28 U.S.C. §1915(g). Alternatively, Plaintiff may pay the Court's $402.00 filing and administrative fees within 30 days. In the absence of good cause shown, or the payment of the necessary fees, this matter will be dismissed without further notice.

IT IS THEREFORE ORDERED:

1. Plaintiff has 30 days from the date of this Memorandum and Order to show cause why the cases referenced above should not be considered strikes against him per the terms of the PLRA, and why he is entitled to proceed in forma pauperis pursuant to 28 U.S.C. §1915(g). In the alternative, Plaintiff may pay the $402.00 filing and administrative fees within 30 days. In the

absence of either action by Plaintiff, this matter will be dismissed without further notice.

2. The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **January 13, 2025**: deadline for Plaintiff to show cause or pay fees.

Dated this 12th day of December, 2024.

BY THE COURT:

s/ John M. Gerrard
Senior United States District Judge