IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY P. PURDY,<br><br>  Plaintiff,<br><br>   vs.<br><br>DEPARTMENT OF CORRECTIONS, WARDEN, at RTC 384; HART, UM; GROSSMAN, CW;  QUENTIN, CW; BUSINESS MANAGER, of RTC384; EAINA GRODSPEID, Grievcne investigator; PETER BATTAILLION, Judge; and  CLERK OF DISTRICT COURT, in Douglas Count;<br><br>  Defendants. | **8:24CV463**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Anthony Purdy's ("Purdy") Motion to Compel, Filing No. 9; Motion for Telephonic Hearing, No. 10; Motion to Support 1983, Filing No. 12; and Motion in Support, Filing No. 13.  Purdy also filed a Notice, Filing No. 11, and Brief, Filing No. 14.  Construed liberally, each of these Motions were submitted in response to the Court's December 12, 2024, Memorandum and Order (the "Order to Show Cause") requiring Purdy to show cause why he is entitled to proceed in forma pauperis ("IFP") in this action.  *See* Filing No. 8.

This Court has identified three or more federal court cases brought by Purdy, while a prisoner, that were dismissed as frivolous or for failure to state a claim.  The cases identified were: *Purdy et al. v. Hubbard et al.*, No. 8:12-cv-00192-JMG-PRSE (D. Neb.) (Filing No. 13, dismissing Plaintiff's complaint because it failed to state a claim upon which relief may be granted); *Purdy v.*

*Douglas County Corrections Center et al.*, No. 8:15-cv-00363-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 17, finding Plaintiff's complaint failed to state a claim for relief and dismissing case after Plaintiff failed to amend complaint); *Purdy v. Community Correction et al.*, No. 8:21-cv-00134-RGK-PRSE (D. Neb.) (Filing Nos. 25 & 29, finding Plaintiff's amended complaint failed to state a claim for relief and dismissing case after Plaintiff failed to file second amended complaint). The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

As best the Court can discern, Purdy does not directly address the Order to Show Cause in any of his several responses. In his Motion to Compel, Filing No. 9, Purdy requests an order compelling access to a wheelchair so he can access the law library and medical care. Filing No.1 at 1. He asserts that his sciatica requires medical attention and access to a wheelchair. *Id*. He claims that prison officials' refusal to provide these accommodations have impeded access to the law library, *id*. at 3, prevented necessary medical care, *id*. at 5, and violated policy and procedure, *id*. at 7.

Purdy's other filings repeat many of these assertions. Purdy's Motion for Telephonic Hearing, No. 10, requests a hearing to assess his ability to get access to medication and the law library so that he can challenge his wrongful conviction. Filing No. 10 at 1. Purdy's "Notice," Filing No. 11, as best the Court can discern, informs the Court that he has not received the community standard of care and his disability prevents him from accessing legal services. Filing No. 11 at 1. Purdy's Motion to Support 1983 references several statutes and constitutional provisions that presumably support a claim that he has received inadequate care and has therefore been unable to successfully challenge his wrongful convictions. *See* Filing No. 12 at 9-30. His Motion in

2

Support, Filing No. 13, essentially echoes the arguments from previous documents, as does his Brief, Filing No. 14.

In sum, the Court cannot identify any language that directly addresses whether Purdy should be able to proceed IFP despite the PLRA three strikes rule. To the extent Purdy argues that preventing him from proceeding IFP is discriminatory under the ADA, *see* Filing No. 9 at 3, this assertion essentially appears to be based on his lack of understanding of the law and inability to access the law library to provide further detail. *See* Filing No. 9 at 5; Filing No. 14 at 2. However, this argument does not provide a legal basis to exclude him from the three strikes provision of the PLRA. *See Yanga v. Nebraska Dep't of Corr. Servs.*, No. 8:19CV420, 2020 WL 6800428, at *2 (D. Neb. Nov. 19, 2020) ("Plaintiff's lack of legal training and limited access to a law library do not differentiate him from most pro se prisoner-plaintiffs."); *see also Recca v. Omaha Police Dep't*, 859 F. App'x 3, 5 (8th Cir. 2021) ("As a prisoner, Recca understandably faced challenges representing himself, but 'most indigent prisoners will face similar challenges.'") (quoting *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)).

As best the Court can tell from its review of Purdy's numerous and nearly indecipherable filings, Purdy does not make any assertion that he should be permitted to proceed IFP because he is facing imminent danger of serious physical harm. Section 1915(g) provides that, even if a prisoner has exhausted his three strikes, he will be permitted to proceed IFP if he is under imminent danger of serious physical injury. "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir.

2003). Applying these principles, the Eighth Circuit has concluded that the imminent-danger-of-serious-physical-injury standard was satisfied when an inmate alleged that prison officials continued to place him near his inmate enemies, despite two prior stabbings, *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), and when an inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions, *McAlphin v. Toney*, 281 F.3d 709, 710–11 (8th Cir. 2002). However, the Eighth Circuit has held that a general assertion that defendants were trying to kill the plaintiff by forcing him to work in extreme weather conditions despite his blood pressure condition, was insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Martin*, 319 F.3d at 1050.

Here, Purdy's Complaint essentially challenges whether he received sufficient treatment and accommodation to prepare for his defense and his past lawsuits. Filing No. 1. The Court has carefully reviewed Purdy's Complaint and the numerous filings he has made since the Order to Show Cause, and Purdy makes no allegations that he is under imminent danger of serious physical injury. In his responses, however, Purdy appears to argue that his inability to get proper medical treatment has prevented him from equal access to the law library. Though unfortunate, Purdy's vague statements about his generally poor health and access to legal services do not indicate an imminent threat of harm or that he faces a continuing threat of injury as a result of the misconduct alleged in his Complaint.

Upon careful consideration of the response to the Order to Show Cause and the Complaint, the Court finds that Purdy's allegations do not support a

4

finding that Purdy faces an imminent danger of serious physical injury. Purdy, therefore, is prohibited from proceeding IFP pursuant to 28 U.S.C. § 1915(g) as he has accumulated three "strikes." Because Purdy has not paid the $405.00 filing and administrative fees and for lack of good cause shown, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED:

1. Purdy's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is denied.

2. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

3. Any notice of appeal filed by Purdy must be accompanied by the $605.00 appellate filing fee because Purdy will not be allowed to proceed in forma pauperis on appeal.

4. Purdy's Motion to Compel, Filing No. 9; Motion for Telephonic Hearing, No. 10; Motion to Support 1983, Filing No. 12; and Motion in Support, Filing No. 13, are denied as moot.

Dated this 13th day of May, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

5